UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                       Case No.: 25-40119-jmm

BEAUX EQUITIES LLC                                            Chapter 11 (Subchapter V)


                                                    Debtor.
-------------------------------------------------------------X

## DECLARATION OF DAVID GOLDWASSER
## PURSUANT TO E.D.N.Y. LBR 1007-4

Pursuant to 28 U.S.C. § 1746, I, David Goldwasser, declare as follows under penalty of perjury:

1.     I have been engaged as Chief Restructuring Officer ("CRO") by Beaux Equities LLC, the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). My engagement was formalized pursuant to an engagement agreement dated January 8, 2025. I have been retained to oversee and manage the Debtor's restructuring efforts during the Chapter 11 process due to my extensive experience navigating bankruptcy proceedings and managing complex restructuring cases. The Debtor does not possess this expertise internally and sought my appointment specifically to assist in preserving the company's rights and assets in this case.

2.     The primary purpose of this Chapter 11 case is to protect the Debtor's rights in certain property in Brooklyn, New York that is critical to its business plan and reorganization strategy. Without Bankruptcy Protection, the Debtor is at risk of losing the property.

3.     My role as CRO includes leading the Debtor through the Bankruptcy Process, and securing the debtors rights to purchase the property located at while addressing creditor concerns. My engagement as CRO complies with the Jay Alix Protocols, which ensure transparency and accountability in the engagement of restructuring professionals. The terms of my engagement have

been fully disclosed in accordance with these protocols and applicable bankruptcy laws. This engagement was deemed necessary to bring experienced leadership to the Debtor's restructuring process and to ensure compliance with the obligations and requirements of the Chapter 11 case. I submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 to support the Debtor's Chapter 11 filing and to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11. All books and records are now being maintained by me as CRO in care of my Brooklyn offices.

4. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations, financial affairs and past history. If called upon to testify, I would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of the Debtor. Section I of this declaration provides an overview of the Debtor's business and pending litigation. Section II describes the circumstances giving rise to the Debtor's commencement of this Chapter 11 case. Section III describes certain information required by LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules.

## I. The Debtor's Business

5. The Debtor is a New York corporation with its corporate office located at 5409 18th Ave, Brooklyn, New York 11204. The Debtor is in the real estate industry and formed in or around September 2010. The Debtor's business involves commercial leasing and management in connection with its real property.

## II. Events Leading to the Chapter 11 Case

6. The Debtor was founded by Yaakov Pollak. The Debtor owns real property at 5405, 5409 and 5411 18th Avenue, Brooklyn, New York 11204 (the "Properties").

7. The genesis of the present case arises from an action commenced against the Debtor and Yaakov Pollak ("Yaakov"), Moshe Pollak ("Moshe"), the Shorivger Trust (the "Trust"), and Raphael Grossman as trustee of the Trust ("Grossman") by Powercap Partners LLC, Powercap Partners, LLC ("Powercap") in the New York State Supreme Court, County of Kings, Case No. 524411/2017. This has been a complicated litigation with almost five-hundred (500) docket entries, which has now been reduced to a few simple issues.

8. The case was originally commenced by Powercap to collect on several million dollars due under alleged promissory notes to Moshe and Yaakov for other business ventures that were also signed by the Debtor. Moshe and Yaakov also borrowed money from the Trust and gave a deed as security for the loan, which is not permitted under New York law, in exchange for those funds. The Trust, without the Debtor's consent or knowledge filed that deed about a year after it was executed, thus proving that it was a security instrument and not a valid deed.

9. Powercap had filed restrictions on further lending or encumbrances on the Properties and sued all the defendants for fraud and to declare the deed a nullity. Both the Debtor, Yaakov and Moshe filed counter claims and cross claims against the other parties as did Powercap.

10. Those claims asserted that both the Powercap and the Trust loans were usurious and that none of the funds flowed to the Debtor. The claims against Powercap and the Trust sounded in fraudulent conveyance, lack of consideration and unjust enrichment (for the deed).

11. After years of litigation, the Debtor, Yaakov and Moshe filled a motion for summary judgment against Powercap on the basis that the loans violated the criminal usury statue and they prevailed. A copy of that decision is annexed hereto as **Exhibit "A".**

12. This left the cross-claims of the defendants as the remaining controversies. Both sides then made motions for summary judgment, all of which were denied for procedural reasons and the case is ready for trial.

13. However, in the meantime, the principals of the Trust, who are related by marriage to Yaakov and Moshe, have proceeded to exert control over the Properties, by attempting to evict tenants (some of whom are also related to them) and have purchased the first mortgage on the Properties to gain further leverage in attempt to steal several million dollars in equity in these Properties and to protect their reliance on the invalid deed and their usurious loans.

14. The goals of this case are to get a resolution of the pending litigation, protect the Debtor's equitable interest in the Properties, then pay off or refinance the first mortgage and pay their creditors.

15. In light of these circumstances, the Debtor now files this Chapter 11 case to restructure its debts in accordance with the Bankruptcy Code.

### III. Information Required by E.D.N.Y. LBR 1007-4

16. In accordance with E.D.N.Y. LBR 1007-4(a)(i), and to the best of my knowledge, information, and belief, the Debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D).

17. In accordance with E.D.N.Y. LBR 1007-4(a)(ii), and to the best of my knowledge, information, and belief, the Debtor is not a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

18. In accordance with E.D.N.Y. LBR 1007-4, a list of the names and addresses of the creditors holding secured claims and the 20 largest unsecured claims against the Debtor have been filed with the Debtor's bankruptcy petition.[1]

19. A summary of the Debtor's Assets and Liabilities are filed separately from the Debtor's petition. *See* Dkt No. 12.

20. In accordance with E.D.N.Y. LBR 1007-4(a)(ix), and to the best of my knowledge, information, and belief, there are no stock, debentures, or other securities of the Debtor that are publicly held.

21. In accordance with E.D.N.Y. LBR 1007-4(a)(x), and to the best of my knowledge, information, and belief, the Property is in the possession or custody of 5405-5411 Avenue Trust (the "Trust"), which information is provided in the Debtor's filed Schedule D. *See* Dkt. No 12.

22. In accordance with E.D.N.Y. LBR 1007-4(a)(xi), and to the best of my knowledge, information, and belief, Debtor's significant assets and books are held at 5409 18th Avenue, Brooklyn, New York 11204.

23. In accordance with E.D.N.Y. LBR 1007-4(a)(xv) and (xvi), and to the best of my knowledge, information, and belief, I am the sole person employed by the Debtor and my hourly rates for the 30-day period post-petition are up to $750.00 per hour.

24. As of the drafting of this declaration, the Debtor anticipates that its operating income for the 30-day period following the bankruptcy petition will be approximately $10,000.00 with operating expenses to be approximately $10,000.00.

25. The Debtor does not make any admissions and reserves all of its rights and remedies.

---

[1] Official Form 204 filed with the Debtor's petition provides a list of the Debtor's creditors holding the 20 largest unsecured claims.

26. The foregoing is true and current to the best of my knowledge, information and belief.

Dated: February 7, 2025　　　　　　　　　　　　　　　　*/s/ David Goldwasser*
　　　　New York, New York　　　　　　　　　　　　　　David Goldwasser