UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____ X

In Re:

BEAUX EQUITIES LLC,                                    **Chapter 11**
                                                       **Case No. 25-40119-jmm**
                        Debtor.

_____ X

POWERCAP PARTNERS LLC,

                        Plaintiff,                     **Ad. Proc. No. 1-25-01037**

            -against-

BEAUX EQUITIES LLC, YAAKOV POLLAK
MOSHE POLLAK, SHORIVGER TRUST, and
RAPHAEL GROSSMAN AS TRUSTEE OF THE
SHORIVGER TRUST,

                        Defendants.

_____ X

### MEMORANDUM OF LAW IN SUPPORT OF MOTION:
### (A) TO REMAND OR (B) TO ABSTAIN

Lawrence R. Kulak, Esq.
1078 East 15th Street
Brooklyn, New York 11230
kulaklaw39@gmail.com
646-213-0030
*Attorney for Shorivger Trust and Raphael Grossman*
*Trustee of Shorivger Trust*

Shorivger Trust and Raphael Grossman as Trustee of Shorivger Trust (collectively, "the Trust " or "Movant"), move this Court for an Order (1) pursuant to 28 U.S>C. 1452(b) and Rule 9027(d) of the Federal Rules of Bankruptcy Procedure remanding Adversary Proceeding No. 1-25-01037 to the New York State Supreme Court, Kings County or alternatively (2) abstaining from hearing the Adversary Proceeding.

## PRELIMINARY STATEMENT

On December 19, 2017, Powercap Partners LLC commenced a lawsuit in New York Supreme Court Kings County against the Debtor, Yaakov Pollak, Shorivger Trust, Raphael Grossman as Trustee of Shorivger Trust and Moshe Pollak. Attached as Exhibit A to the Affirmation of Judith Grossman, Trustee of Shorivger Trust, filed in support of the instant motion is a copy of the summons and complaint. The caption of the lawsuit is *Powercap Partners LLC, v. the Debtor, Yaakov Pollak, Moshe Pollak, Shorivger Trust and Raphael Grossman as Trustee of the Shorivger Trust,* and was assigned Index No. 524411/2017. The Plaintiff's claims sought the recovery of $1,015,000 loaned to the Debtor, Yaakov Pollak and Moshe Pollak as well as the extinguishing of the deed executed by the Debtor and delivered to Shorivger Trust conveying all of the Debtor's right, title and interest in the adjoining parcels of real estate located at 5405, 5409 and 5411 18th Avenue

Brooklyn, New York ("the parcels") from the Debtor to Shorivger Trust. The conveyance of the parcels from the Debtor to Shorivger Trust occurred by deed executed and delivered by the Debtor to Shorivger Trust on March 29, 2016. Attached as Exhibit B to the Judith Grossman Affirmation is the Deed and ACRIS recording documents conveying the parcels from the Debtor to Shorivger Trust. Despite having previously conveyed the parcels on March 29, 2016, without the knowledge or consent of Shorivger Trust, on November 15, 2017, the Debtor gave a deed in lieu of foreclosure regarding the parcels as collateral for the above-mentioned loan. Attached as Exhibit C to the Affirmation of Judith Grossman is the deed in lieu of foreclosure.

Shorivger Trust filed crossclaims against the Debtor and Yaakov Pollak seeking a declaratory judgment that Shorivger Trust is the owner of the parcels, declaring the deed in lieu of foreclosure to be null and void and a declaration of restrictions also executed as collateral for the Powercap loan be declared null and void. The Debtor and Yaakov Pollak filed crossclaims against Shorivger Trust seeking a declaratory judgment declaring the deed conveying the parcels from the Debtor to Shorivger Trust be declared null and void and awarding the Debtor possession of the premises.

The litigation has been very lengthy and complex. A variety of state law issues including but not limited to whether a particular document is valid, void or void

ab nitio; the validity of the conveyance of a parcel of real estate; the validity and applicability of heter iskas; and various New York State usury laws.    696 documents have been filed on the litigation's NYSCEF electronic docket sheet. The depositions of 5 witnesses have taken place each deposition lasting more than 1 day.  16 motions have been made and decided.  As a result of the litigation the trial court dismissed the Plaintiff's claims and the claims against Moshe Pollak. The remaining claims, to wit: the crossclaims by and against Shorivger Trust and the Debtor and Yaakov Pollak were scheduled to begin trial on January 9, 2025. That morning after the 16th motion was denied by the trial court and the trial was to begin, the Debtor filed the instant bankruptcy petition.

The deed conveying the parcels to Shorivger Trust was executed and delivered on March 29, 2016 (Exhibit B).  It was not recorded with the Kings County Clerk until November 29, 2017 (Exhibit B).   That was because of a request made by Yaakov Pollak, the Debtor's sole member who asked that the deed not be recorded until December 31, 2016, and that notice be given prior to the recording.  Yaakov Pollak agreed that he would not cause any additional mortgages to be recorded against the parcels.  Yaakov Pollak also represented that he had the Pollak family's permission to proceed.  Attached to the Affirmation of Judith Grossman as Exhibit D is a memorandum signed by Yaakov Pollak agreeing not to cause any additional mortgages and stating his family's permission.  Attached to the Affirmation of

Judith Grossman as Exhibit E is a memorandum signed by Israel Grossman agreeing not record the deed until December 31, 2016. The deed was not recorded on December 31, 2016, or shortly thereafter at the request of Yaakov Pollak. It was recorded after the giving of notice when Shorivger Trust became aware of the above-mentioned deed in lieu of foreclosure.

Despite Yaakov Pollak's assurance that he would not cause any additional mortgages to be taken against the parcels. on October 16, 2016, the Debtor Defendant Beaux Equities LLC gave a mortgage to David Gutman securing a loan in the amount of $495,000.00. That mortgage was recorded in October 2016. Attached to the Affirmation of Judith Grossman as Exhibit F is a copy of the Gutman mortgage.

On March 22, 2017, the Debtor gave a mortgage note in the principal amount of $2,400,000.00 to Kearney Bank secured by a mortgage against the parcels also given by the Debtor. The note and mortgage were guaranteed by Yaakov Pollak by assignment dated March 22, 2017, David Gutman assigned all of his right, title and interest in the October 16, 2016, mortgage to Kearny Bank. The assignment, which was recorded on March 28, 2017, was in consideration of $495,000,000.00.

The New York City Lien Enforcement Unit has issued a "Lien Sale 10-Day Warning Notice" dated February 7, 2025, for each of the 3 adjacent parcels. For 5405 18th Avenue the amount due is $91,682.45. Attached hereto as Exhibit G is

the notice for 5405 18th Avenue.  For 5409 18th Avenue the amount due is $102,217.91.  Attached hereto as Exhibit H is the notice for 5409 18th Avenue. For 5411 18th Avenue the amount due is $96,186.03.  Attached hereto as Exhibit I is the notice for 5411 18th Avenue.

## ARGUMENT

### 1. DEBTORS BEAR THE BURDEN OF DEMONSTRATING THAT REMOVAL IS PROPER

Debtors must demonstrate that removal is proper. *See, e.g., Andrews v. Modell*, 636 F.Supp. 2d 213, 219 (S.D.N.Y. 2008).  "Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally giveto a plaintiff's choice of forum." *Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005).  Indeed, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  Thus, courts "must construe all disputed questions of fact and controlling substantive law in favor of plaintiff." *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996). As set forth below, the Debtors have not satisfied their burden that the removal of the State Action is proper.

## 2.  THIS COURT SHOULD REMAND THE
### ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 1452(b)

Section 1452(b) of title 28 of the United State Code states, in pertinent part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This Court has set forth the factors to be considered in deciding whether a claim should be remanded back to state court: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *In re Schneorson,* 2022 WL 4706606, at *8 (Bankr. E.D.N.Y. Sept. 29, 2022).  Based on a review of these factors, the Adversary Proceeding should be remanded to the State Court.

### a. *Effect on Efficient Administration of Bankruptcy Estates*

Analysis of the first factor reveals that remand of the State Action will assist in the efficient administration of the Debtors' bankruptcy estate. The State Action was commenced in 2017 and has been aggressively litigated.  Sixteen motions have been filed and decided by the State Court. The depositions of five witnesses,

each taking more than one day have been held.   Numerous pretrial conferences have taken place all resulting in the scheduling of a date certain for trial having been set.   It must be noted that the Debtor perfected an appeal in the Appellate Division Second Department which it is still actively pursuing despite it having filed the instant bankruptcy petition with its automatic stay.   By removing the proceeding to this Court and continuing to actively pursue its appeal in State Court, the Debtor is attempting to "keep a finger" in both this Court and the State Court.   Such "dual track" strategy by the Debtor is a gross misuse of this Court with obvious inefficient results.

### b.   *Issues of State Law Predominate*

The second factor used in analyzing a request for remand is the extent to which issues of state law predominate in the removed action. This factor clearly favors remand of the State Action. The State Action is solely governed by state law and has been litigated in the State Court for nearly eight years. The Adversary Proceedings should be remanded to the State Court based on the second factor.

### c.   *Difficulty or Unsettled Nature of Applicable State Law*

The third factor for remand on equitable grounds requires the Court to examine the difficulty or unsettled nature of the applicable state law. The State Action involves a complex web of issues including but not  limited to whether a particular document is valid, void or void ab nitio; the validity of the  conveyance

of a parcel of real estate; the validity and applicability of heter iskas; and various New York State usury laws. The New York State Supreme Court is designed to and exists to resolve such complex and interconnected State Law issues. This contrasts with the Federal Bankruptcy Court which is designed to and exists to oversee discharge and or reorganization of debt.

### d.    *Comity*

The fourth factor – comity – greatly favors remanding the Adversary Proceeding to the State Court. The State Action has been pending for nearly eight years prior to its removal. Proof of the trial readiness of the State Action is that jury selection, a jury trial having been insisted upon by the Debtor, was about to begin when the instant petition was filed. But for the filing of the instant bankruptcy petition, the State Action would have been resolved months ago.

### e.    *Degree of Relatedness or Remoteness of State Case to Bankruptcy Case*

The fifth factor to be examined by the Court in considering a motion for remand is the relatedness or remoteness of the state action to the bankruptcy case. It is respectfully submitted that any relatedness the State Action has to the bankruptcy case is overwhelmingly outweighed by the complex, interconnected State law issues involved therein.

### f.    *Existence of Right to Jury Trial*

The sixth factor to be examined by the Court in considering a motion for remand is whether any party has a right to a jury trial. This factor also weighs in favor of remand. The State Action was scheduled for jury selection on the date the instant petition was filed. The right to a jury trial must not be impeded.

### g.    *Prejudice to Involuntarily Removed Party*

The final factor to evaluate a request for remand pursuant to § 1452(b) is the

prejudice to the involuntarily removed party. The State Action has been pending for more nearly eight years and is ready for trial. Movant would be greatly prejudiced to know at this extremely late date have the State Action removed.

In conclusion, an analysis of the seven factors reveals that remand pursuant to 28 U.S.C. § 1452(b) is appropriate. Remand to the State Court is the most efficient means of disposing to the State Action. Accordingly, this Court should grant the instant m  Motion and remand the Adversary Proceeding to the State Court. Action Action are unrelated to the Debtors' chapter 11 cases. Thus, this factor also weighs in favor of remand.                .

### 3. ABSTAINTION

To the extent this Court finds that equitable remand under 28 U.S.C. § 1452(b) is not warranted, it should nevertheless abstain from hearing the Adversary Proceedings pursuant to 28 U.S.C. § 1334(c).  That section defines the conditions under which the Bankruptcy Court should or must abstain from exercising jurisdiction over matters "related to" a case under title 11 (such as the State Action).

Two forms of abstention are available to this Court under 28 U.S.C. § 1334(c): mandatory abstention under § 1334(c)(2) and discretionary abstention under § 1334(c)(2).  As shown below, the requirements of mandatory and

discretionary abstention exist.[7]

A.    Mandatory Abstention is Proper Pursuant to 28 U.S.C. §

1334(c)(2) The mandatory abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Mandatory abstention under § 1334(c)(2) is required when:

(1)    the motion was timely brought;

(2)    the action is based on state law claims;

(3)    the action does not arise under title 11 or arise in a title 11 case;

(4)    section 1334 is the sole basis for federal jurisdiction;

(5)    an action was commenced in state court; and

(6)    the action can be "timely adjudicated" in state court.

*Lindey v. O'Brien, Tanski, Tanzer and Young (In re Dow Corning Corp.)*, 86 F.3d

482, 497 (6th Cir. 1996); *Von Richthofen v. Family M. Foundation Limited*, 339

B.R. 315, 319 (Bankr. S.D.N.Y. 2005) (abstaining pursuant to mandatory abstention provision); *Universal Well Servs. v. Avoca Natural Gas Storage*, 222 B.R. 26, 31 (Bankr. W.D.N.Y. 1998).

Here, the Debtor "bear the burden of demonstrating that the test for mandatory abstention has not been met." *Allstate v. Ace*, 2011WL 3628852, at *7 (S.D.N.Y. Aug. 17, 2011). Each of the statutory requirements for mandatory abstention is satisfied here, and the Debtor cannot meet their burden of demonstrating otherwise.

First, the motion for remand is timely. Second, the Complaint asserts only state law claims, as explained above. Third, this action neither "arises under" the Bankruptcy Code nor "arises in" a bankruptcy proceeding. Fourth, the State Action could not have been brought in the federal courts. Accordingly, the Adversary Proceeding does not deal with claims that could have been brought in federal court absent the bankruptcy cases.

Fifth, this action was commenced in State Court. And sixth, the Debtors cannot meet their burden of showing that this action cannot be timely adjudicated in the State Court. Since the State Court has already scheduled a date certain for commencement of jury trial, the timely adjudication requirement is easily met. *See Bevilacqua v. Bevilacqua*, 208 B.R. 11, 16 (E.D.N.Y. 1997) (holding that

since "claims are non-core, have already been commenced in the state forum, and can be adjudicated in a timely fashion, this court should abstain from hearing them pursuant to the mandatory abstention provision of section 1334(c)(2)."); *Personette v. Kennedy*, 204 B.R. 764, 78-79 & nn.17-18 (10th Cir. BAP 1997) (noting that evidence of a backlog in state court must be presented to establish that claims cannot be timely adjudicated in state court, and that jury demands, as are present in the instant Adversary Proceeding, weigh heavily in favor of remand); *Lead I JV, LP v. North Fork Bank*, 401 B.R. 571, 587 (E.D.N.Y. 2009) ("There is nothing here to indicate that allowing Plaintiffs' claims to proceed in state court would complicate and slow down the resolution of this or any other case.")

Since all of the requirements of mandatory abstention are met, this Court should abstain under 28 U.S.C. § 1334(c)(2). Discretionary Abstention is Proper Pursuant to 28 U.S.C. § 1334(c)(1) Even when the mandatory abstention statute does not apply, under the discretionary or permissive abstention doctrine, bankruptcy courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law. See, e.g., The Maxwell MacMillan Realization Liquidating Trust and MCC GAO, Inc. v. Aboff (In re MacMillan,

Inc.), 186 B.R. 35, 52-53 (Bankr. S.D.N.Y. 1995).

The permissible abstention statute provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest justice, or in the interest in comity with the State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). *See also Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*, 1999 WL 294995 *3 (S.D.N.Y. May 11, 1999) (granting motion to abstain).

In determining whether discretionary abstention is appropriate, courts consider the following factors:

(1)    The effect on the efficient administration of the estate;

(2)    The extent to which State law issues predominate over bankruptcy issues;

(3)     The difficulty or unsettled nature of applicable State law;

The presence of a related proceeding commenced in State court or other non-bankruptcy court;

(4)     The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(4)     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(5)     The substance rather than the form of the asserted "core" proceeding;

(6)     The feasibility of severing State law claims from core bankruptcy matters to allow judgments to be entered in State court with enforcement left to the bankruptcy court;

(7)     The burden on the bankruptcy court's docket;

(8)     The likelihood that the commencement of the proceeding in

bankruptcy court involves forum shopping by one of the parties;

(9)    The existence of a right to a jury trial; and

(10)    The presence of non-debtor parties.

*In re Fasciglione,,* 665 B.R. 594, 600 (Bankr. S.D. NY. 2024).

These factors all weigh heavily in favor of abstention here:

(1)    The State Action has been pending for nearly eight years and was scheduled for commencement of a jury trial on the day the instant bankruptcy petition was filed;

(2)    State law issues in the State Action not only predominate over bankruptcy issues, there are no bankruptcy issues in that case whatsoever;

(3)    The State Action involves a complex web of issues including but not limited to whether a particular document is valid, void or void ab nitio; the validity of the conveyance of a parcel of real estate; the validity and applicability of heter iskas; and

various New York State usury laws;

(4)    A Judgment of foreclosure and sale has been entered in State Court regarding the same real property that is the subject of of the State Action;

(5)    There is no jurisdictional basis other than 28 U.S.C. Section 1334;

(6)    A final State Court Judgment entered in the State Action could easily be applied in the instant bankruptcy proceeding;

(7)    The form outweighs the substance of the removal of the State Action;

(8)    As was noted in (6) *supra; a* final State Court Judgment entered in the State Action could easily be applied in the instant bankruptcy proceeding;

(9)    It is an unnecessary burden on this Court to try complex state court litigation that was scheduled for commencement of jury trial on the date the instant bankruptcy petition was filed;

(10) The Debtor's advising the State Court Judge of the filing of the bankruptcy petition during the Debtor's counsel's argument in opposition to the Movant's summary judgment motion, said motion being heard on the date certain for commencement of jury selection, is overwhelming proof that the Debtor is merely attempting to delay resolution the The State Action by engaging in forum shopping;

(11) There is a right to a jury trial in the State Action which has been exercised by the Debtor;

(12) The Movant is a non-debtor party to the State Action.

An examination of the above factors need not be a 'mechanical or mathematical exercise,' and a court need not 'plod through a discussion of each factor' before rendering a decision. Rather, the Section 1334(c)(1) analysis involves a 'thoughtful, complex assessment of what makes good sense in the totality of the circumstances.' *In re Fasciglione, supra* at 600.

It is respectfully submitted that such thoughtful examination of the instant matter can only lead to the conclusion that this Court should abstain from the Adversary Proceeding.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully requests (1) entry of an order (a) remanding the Adversary Proceeding to the State Court and granting Plaintiff relief from the automatic stay to proceed with the State Action or, in the alternative, (b) abstaining from the Adversary Proceeding; and (2) such other and further relief as is just and proper.

Dated: May 8, 2025

Brooklyn, New York

By:    /s/Lawrence R. Kulak
Lawrence R. Kulak
1078 East 15th Street
Brooklyn, New York 11230
kulaklaw39@gmail.com
646-213-0030