**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------X** **Chapter 11**

**IN RE:** **Case No.: 25-40119-jmm**

**BEAUX EQUITIES LLC ,**

**DEBTOR.**

**- --------------------------------------------------------- X**

**ORDER CONVERTING CASE UNDER CHAPTER 11**
**TO A CASE UNDER CHAPTER 7 (JMM)**

Upon the Motion filed on December 16, 2025, by the secured creditor, the 5405-5411 18th Avenue Trust to dismiss the Debtor's Bankruptcy Petition with prejudice for cause pursuant to 11 U.S.C. 1112; or alternatively for an Order appointing a Chapter 11 Trustee pursuant to 11 U.S.C. 1104(a)(1); or alternatively an Order lifting the automatic stay pursuant to 11 U.S.C. 362 (d)(1) and (4)(A) so that a Judgment of Foreclosure and Sale and Order Confirming the Referee Report dated July 20, 2023, and entered In New York State Supreme Court's Clerk Office on September 5, 2023, under Index No. 502954/2022 can proceed to foreclosure sale for cause because the Movant will suffer irreparable harm by continuation of the stay, and for such other relief as to the Court deems just and proper; and the affirmation of Lawrence Kulak, Esq. with exhibits attached thereto having been filed in support of the Motion and the Court having previously found that cause exists for the holding of an expedited hearing on the Motion; and the Court permitting objections or responses to the Motion to be interposed at the expedited hearing and the expedited hearing having been held on January 14, 2026, and Lawrence Kulak, Esq. having appeared on behalf of the Movant and Avrum Rosen, Esq. having appeared on behalf of the Debtor and Gerald Luckman, Esq. Subchapter V Trustee having appeared, and after hearing arguments from counsel and due consideration thereon, and for the reasons set forth by the Court at the conclusion of arguments from counsel, the Court found that the Debtor as a debtor in possession engaged in gross mismanagement of the estate through its principal Yaakov Pollak and the Court further found that such gross mismanagement constituted cause for the conversion of the case from a Chapter 11 proceeding to a Chapter 7 proceeding; therefore it is hereby

ORDERED, that the Chapter 11 case be, and the same hereby is, converted to a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b); and it is further

ORDERED, that the Debtor shall file (I) a schedule of unpaid debts incurred after the commencement of the Chapter 11 case within 14 days of the date of this Order, and (II) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5); and it is further

ORDERED, not later than five (5) business days after the appointment of a chapter 7 trustee for the Bankruptcy Case, the Debtor and each of its current and former managers and officers shall turnover to the trustee all records and property of the estate in their possession and provide an accounting of all property held by or any behalf of the Debtor since the petition date; and it is further

ORDERED, that the United States Trustee is directed to appoint a Chapter 7 Trustee; and it is further

ORDERED that the Motion to lift the automatic stay pursuant to 11 U.S.C. 362 (d)(1) and (4)(A) so that a Judgment of Foreclosure and Sale and Order Confirming the Referee Report dated July 20, 2023, and entered In New York State Supreme Court's Clerk Office on September 5, 2023, under Index No. 502954/2022 can proceed to foreclosure sale is adjourned until February 11, 2026; **and it is further**

**ORDERED that the Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order. (JMM)**

**Dated: January 29, 2026**
**Brooklyn, New York**

Jil Mazer-Marino
United States Bankruptcy Judge