**LaMONICA HERBST & MANISCALCO, LLP**
*Proposed Counsel to Gregory Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

                                    Chapter 7

BEAUX EQUITIES LLC,                Case No. 25-40119 (JMM)

               Debtor.

------------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S MOTION FOR THE ENTRY OF A LIMITED ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE FOR A LIMITED PERIOD OF TIME AND GRANTING RELATED RELIEF

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

Gregory Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Beaux Equities LLC ("Debtor"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 721 ("Bankruptcy Code"): (i) authorizing the Trustee to operate the Debtor's business and pay certain operating expenses for a limited period of time from February 4, 2026 through and including June 30, 2026, without prejudice to seek to further extend such time; a copy of the proposed Order is annexed as **Exhibit A**; (ii) an interim bridge Order ("Bridge Order"), a copy of the proposed Bridge Order is annexed as **Exhibit B**, authorizing the Trustee to operate the Debtor's business and pay related expenses until the hearing date of **March 19, 2026 at 2:30 p.m.**, or such other date as this Motion may be heard ("Hearing"); and (iii) for related relief, and respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The United States Bankruptcy Court, Eastern District of New York ("Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief set forth in this Motion is Bankruptcy Code sections 105(a) and 721.

## BACKGROUND

4.      On January 9, 2025 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Code for the Eastern District of New York ("Court").

5.      By Order of the Court dated January 29, 2026, the Debtor's Chapter 11 was converted to one under Chapter 7 of the Bankruptcy Court.

6.      On February 4, 2026, Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity.

7.      The 341 Meeting of Creditors is currently scheduled for March 9, 2026.

8.      On February 4, 2026 ("Retention Date"), the Trustee requested that LH&M represent him as his general counsel in this case and, at the Trustee's request, LH&M began providing legal services to the Trustee as of the Retention Date.

9.      Prior to the Filing Date, the Debtor acquired the real property known as and located at 5409 18th Avenue, Brooklyn, New York 11204 ("Property") by bargain and sale deed on or about September 22, 2010.

10.     The Property contains both commercial and residential tenants occupying and leasing units on the Property.

11.     To date, rents continued to be collected by the Debtor from a commercial tenant.

12.     The Property contains three residential units, two of which are currently occupied as of February 4, 2026.

13.     The Debtor has Commercial General Liability insurance coverage and Commercial Property insurance coverage which collectively amount to a $11,480.00 policy payment, insurance through Accelerant Specialty Insurance Company. The Trustee is actively seeking to obtain replacement coverage since he was advised that the carrier was cancelling the insurance coverage.

14.     Accordingly, the Trustee submits it is in the best interest of the estate for the Court to approve relief in this instant Motion to assist him in operating the Debtor's business for the limited purpose of paying utilities and basic operating expenses, maintaining insurance, managing tenants, enforcing lease agreements, collecting rental payments from Debtor's property, and preserving the value of Debtor's estate through and including June 30, 2026.

## RELIEF REQUESTED

15.     By this Motion the Trustee seeks the entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 721: (i) authorizing the Trustee to operate the Debtor's business and pay certain operating expenses for a limited period of time from February 4, 2026 through and including June 30, 2026, without prejudice to seek to further extend such time; a copy of the proposed Order is annexed as **Exhibit A**; (ii) an interim bridge Order ("Bridge Order"), a copy of the proposed Bridge Order is annexed as **Exhibit B**, authorizing the Trustee to operate the Debtor's business and pay related expenses until the hearing date of **March 19, 2026 at 2:30 p.m.**, or such other date as this Motion may be heard ("Hearing"); and (iii) for related relief,

3

16.    Pursuant to Bankruptcy Code section 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17.    A line of well-established cases supports the relief requested herein. See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.), 713 F.2d 534 (9th Cir. 1983); Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

18.    Here, it is in the best interest of the estate and its creditors that the Trustee be granted authorization to continue to operate the Debtor's business for the purpose of paying the Debtor's business expenses, collecting tenant rental payments from Debtor's property, and preserving the value of Debtor's estate through and including June 30, 2026.

4

19.    For these reasons, the Trustee respectfully submits that the Court authorize him to operate the Debtor's business and pay certain necessary expenses on an interim basis through and including June 30, 2026, without prejudice to further extend such time and for related relief.

## NOTICE AND NO PRIOR RELIEF

20.    The Trustee has served the Notice of Hearing, the Motion and its exhibits to all necessary parties in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

21.    No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 19, 2026
       Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Proposed Counsel to Gregory Messer, Chapter 7 Trustee*


By:    */s/ Gary F. Herbst*
       Gary F. Herbst, Esq.
       Melanie A. FitzGerald, Esq.
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       Tel. (516) 826-6500