**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.

**Hearing Date: June 23, 2026 at 10:00 a.m.**
**Objections Due: June 16, 2026 by 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

BEAUX EQUITIES LLC,

Debtor.
---------------------------------------------------------x

Chapter 7
Case No. 25-40119 (JMM)

**NOTICE OF HEARING OF THE CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER COMPELLING THE PRINCIPAL OF THE DEBTOR TO: (I) TURNOVER THE RENTS DIVERTED FROM THE DEBTOR AND (II) FOR RELATED RELIEF**

**PLEASE TAKE NOTICE,** that on **June 23, 2026 at 10:00 a.m.** ("Hearing"), or as soon thereafter as counsel may be heard, a telephonic or video conference shall be held at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York ("Court") before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, on the motion ("Motion")[1] of Gregory Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Beaux Equities LLC ("Debtor"), seeking the entry of an Order, pursuant to Bankruptcy Code sections 105(a), 541, 542, 549 and 550 and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure, compelling the Principal of the Debtor to: (i) turnover the rents collected from the Debtor's Property; and (ii) granting such other, further, and different relief as this Court deems just and proper.

[1] Capitalized terms not otherwise defined herein is the definition ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing will be conducted by Zoom for Government®. Any party that wishes to participate at the Hearing must register with eCourt Appearances two days in advance of the Hearing. Instructions and the link to register using eCourt Appearances may be found here: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. See Chief Judge Mazer-Marino's chambers page on the Court website for further information at: https://www.nyeb.uscourts.gov/content/chief-judge-jil-mazer-marino.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, counsel for the Trustee, Attn: Gary F. Herbst, Esq., no later than **June 16, 2026 by 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: May 27, 2026
Wantagh, New York


**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

Chapter 7
BEAUX EQUITIES LLC, Case No. 25-40119 (JMM)

Debtor.
---------------------------------------------------------x

**MOTION OF THE CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER COMPELLING THE PRINCIPAL OF THE DEBTOR TO: (I) TURNOVER THE RENTS COLLECTED FROM THE DEBTOR'S PROPERTY; AND (II) FOR RELATED RELIEF**

Gregory M. Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Beaux Equities LLC ("Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion ("Motion") seeking the entry of an Order, substantially in the form annexed hereto, pursuant to 11 U.S.C. section 105(a), 541, 542, 549 and 550 ("Bankruptcy Code") and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), compelling the Debtor's principal and sole member, Yaakov Pollak ("Principal") to: (i) turnover the rents collected from the Debtor's Property (defined herein); and (ii) granting such other, further, and different relief as this Court deems just and proper, and respectfully sets forth and represents as follows:

## JURISDICTION AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105(a), 541, 542(a), 549 and 550 and Bankruptcy Rules 2002 and 9014.

## BACKGROUND

### i. Procedural Background

5. On January 9, 2025 ("Filing Date"), the Debtor, through counsel, filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("Court").

6. By Order of the Court dated January 29, 2026, the Debtor's Chapter 11 was converted to one under Chapter 7 of the Bankruptcy Court. See ECF No. 80.

7. On February 4, 2026, Gregory Messer was appointed as the interim Chapter 7 Trustee, has since duly qualified and is the permanent Trustee administering the Debtor's estate.

8. On March 9, 2026, the Trustee, and his counsel, conducted the meeting of creditors, pursuant to Bankruptcy Code section 341 ("341 Meeting").

### ii. Factual Background

9. Prior to the Filing Date, the Debtor acquired the real property known as and located at 5409 18th Avenue, Brooklyn, New York 11204 ("Property") by bargain and sale deed on or about September 22, 2010.

10. The Property contains both commercial and residential tenants occupying and leasing units on the Property.

11. During the pendency of the Chapter 11 case, there were three tenants: Pharmahouserx, LLC ("Pharmacy"), The Light House ("Light") and Table Settings Inc. ("Table Settings").

12. The Trustee is collecting money from a commercial tenant.

## IMPROPER COLLECTION OF RENT MONEY OWED TO DEBTOR

13. In or about November 2025, the Debtor's Chief Restructuring Officer, David Goldwasser ("CRO") learned the principal of the Debtor had been collecting rental payments from tenants and depositing them into an account under the name Grey Oak Holdings LLC ("Grey"), as opposed to the Debtor's DIP account. Grey is owned by the Principal

14. A letter from the CRO, dated November 10, 2025 ("Letter"), outlines the Principal's failure to turnover the Debtor's rent money. A copy of the Letter is annexed as **Exhibit A**.

15. At the 341 Meeting, a secured creditor noted that a check dated September 1, 2025, for $7,065 ("Check") was made payable to Grey with the payor being Pharmahouserx, LLC, d/b/a 18th Avenue Pharmacy. The address for the payor on the Check was 5411 18th Avenue, Brooklyn, New York.

16. The Check was deposited into a Dime Community Bank account, which was not an account of the Debtor.

17. Thereafter, the CRO demanded production of all bank statements and related records for all accounts held in the name of Grey ("Grey Bank Statements"). A copy of the Grey Bank Statements is annexed as **Exhibit B**.

18. Upon receipt, the CRO reported that from the Filing Date through October 2025 ("Period") the three tenants made rent payments that were deposited into Grey's account.

19. A total of $70,649.20 from Pharmacy was concealed and diverted.

20. A total of $18,889.03 from Light was concealed and diverted.

21. A total of $2,500 from Table Settings was concealed and diverted.

22. As such, a total of $92,038.23 in collected rents was concealed and diverted ("Funds").

23. The Principal repeatedly reported that only one tenant was paying rent and that the other two were delinquent. This representation was clearly false.

24. The Principal was directed to return the Funds by November 12, 2025. He repeatedly represented that the Funds would be provided by a friend in Isreal.

25. Following multiple extensions, the Principal returned only $40,000 of the diverted money on November 26, 2025, which was subsequently deposited into the DIP account.

26. During a telephone conference between LH&M, the Principal and Mr. Wertman, further assurances were made that the Funds would be turned over and the arrangements would be made to resolve the matter. Those representations, like the others before them, proved false, and no additional Funds were returned.

27. On March 20, 2026, LH&M sent an email to Mr.Wertman ("March Email") demanding the immediate turnover of the remaining estate Funds. That demand was ignored. A copy of the March Email is annexed as **Exhibit C**.

28. On April 30, 2026, LH&M again demanded the immediate turnover of the remaining estate Funds ("April Email"). Once again, the demand was ignored and no Funds were returned. A copy of the April Email is annexed as **Exhibit D**.

29. The Principal diverted money for his own interest and took money from the estate.

30. Repeated demands for the immediate return of the improperly diverted Funds have been made over an extended period of time. Other than the partial repayment of $40,000, the Principal has failed and refused to return any additional Funds.

31. Despite repeated demands and numerous assurances that payments would be made, the Principal continues to wrongfully withhold the remaining improperly diverted estate funds totaling $52,038.23, with no legitimate explanation or justification for his continued noncompliance.

**RELIEF REQUESTED**

32. By this Motion, the Trustee seeks entry of an Order, pursuant to Bankruptcy Code sections 105(a), 541, 542(a), 549 and 550 and Bankruptcy Rules 2002 and 9014, compelling the Principal of the Debtor to: (i) turnover the rents collected from the Debtor's Property; and (ii) granting such other, further, and different relief as this Court deems just and proper.

33. Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

34. Under Bankruptcy Code section 542(a), a person "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . ., shall deliver to the trustee, . . ., such property . . .." 11 U.S.C. § 542(a). Thus, "[t]o the extent that the debtor fails to surrender property, the trustee may move under 11 U.S.C. § 542(a) to compel a turnover of that property to the estate." In re Burgio, 441 B.R. 218, 220 (Bankr. W.D.N.Y. 2010); see Savage & Assocs., P.C. v. Mandle (In re Teligent, Inc.), 325 B.R. 134, 137 (Bankr. S.D.N.Y. 2005) ("Under § 542 (a), the trustee may compel the turnover of property of the estate that the trustee can use, sell or lease."); In re Neuman, 75 B.R. 966, 968 (Bankr. S.D.N.Y. 1987) ("A Chapter 11 trustee may use Code § 542(a) to secure turnover of

property of the estate from an entity in possession, custody or control. Entity, a defined term, includes a debtor." (citation omitted)), aff'd, 88 B.R. 31 (S.D.N.Y. 1988); see, e.g., In re Schick, 215 B.R. at 12 (directing debtor to turn over certain computer and information to Chapter 11 trustee).

35. The rents collected from the Debtor's Property are unquestionably property of the estate under Bankruptcy Code section 541(a). See 11 U.S.C. § 541(a)(1) (defining property of the estate to include, among other things, "all legal and equitable interests of the debtor in property as of commencement of the case"). Further, Bankruptcy Code section 542(a) provides for the authority of the Court to order a turnover of property of the estate to the Trustee. 11 U.S.C. section 542(a); In re Block 1524 Constr. Corp., 75 B.R. 276, 278 (Bankr. E.D.N.Y. 1987). It requires an entity in possession of property of the estate that the Trustee may use, sell, or lease under Bankruptcy Code section 363 to deliver that property to the Trustee. In re Block 1524, 75 B.R. at 278.

36. There is no question that the rents from the Property are property of the Debtor's estate under Bankruptcy Code section 541, and the Principal wrongfully and improperly diverted the Funds. The Principal is required to turnover property of the estate to the Trustee under Bankruptcy Code section 542. Additionally, the post-petition transfers of the Funds constitute an avoidable post-petition transfer under § 549(a) of the Bankruptcy Code.

37. Accordingly, for all the foregoing reasons, the Trustee submits that the relief requested herein is appropriate and in the best interest of the estate and its creditors.

## NOTICE AND NO PRIOR REQUEST

38. No prior request has been made by the Trustee for the relief sought herein to this Court or to any other court.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order, pursuant to Bankruptcy Code sections 105(a), 541, 542(a), 549 and 550 and Bankruptcy Rules 2002 and 9014, compelling the Principal of the Debtor to turnover the rents collected from the Debtor's Property and granting such other, further, and different relief as this Court deems just and proper.

Dated: May 27, 2026
Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500