**LaMONICA HERBST & MANISCALCO, LLP**                      Hearing Date: July 16, 2026 at 10:00 a.m.
*Counsel to Gregory Messer, as Chapter 7 Trustee*                      Objections Due: July 9, 2026 by 5:00 p.m.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                                Chapter 7
BEAUX EQUITIES LLC,                                             Case No. 25-40119 (JMM)

                        Debtor.
------------------------------------------------------------x

### NOTICE OF HEARING OF THE CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF A LIMITED ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE FOR A LIMITED PERIOD OF TIME AND GRANTING RELATED RELIEF

        **PLEASE TAKE NOTICE,** that on **July 16, 2026 at 10:00 a.m.** ("Hearing"), or as soon

thereafter as counsel may be heard, a telephonic or video conference shall be held at the United

States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East,

Brooklyn, New York ("Court") before the Honorable Jil Mazer-Marino, Chief United States

Bankruptcy Judge, on the motion ("Motion")[1] of Gregory Messer, solely in his capacity as Chapter

7 Trustee ("Trustee") of the bankruptcy estate of Beaux Equities LLC ("Debtor"), seeking the

entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 721, authorizing the Trustee

to operate the Debtor's business and pay certain operating expenses for a limited period of time

from June 30, 2026 through and including December 1, 2026, without prejudice to seek to further

extend such time, and for related relief.

---

[1] Capitalized terms not otherwise defined herein is the definition ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE,** that any party that wishes to appear at the Hearing is required to register in advance of the Hearing by using the Court's eCourt Appearances, which can be located at: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, counsel for the Trustee, Attn: Gary F. Herbst, Esq., no later than **July 9, 2026 by 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: June 18, 2026
        Wantagh, New York

                    **LAMONICA HERBST & MANISCALCO, LLP**
                    *Counsel to Gregory Messer, Chapter 7 Trustee*

By:    */s/ Gary F. Herbst*
        Gary F. Herbst, Esq.
        Melanie A. FitzGerald, Esq.
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Tel. (516) 826-6500

3

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

BEAUX EQUITIES LLC,

                      Debtor.
-------------------------------------------------------------x

Chapter 7
Case No. 25-40119 (JMM)

### CHAPTER 7 TRUSTEE'S MOTION FOR THE ENTRY OF A LIMITED ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE FOR A LIMITED PERIOD OF TIME AND GRANTING RELATED RELIEF

TO THE HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Gregory Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Beaux Equities LLC ("Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 721 ("Bankruptcy Code"): (i) authorizing the Trustee to operate the Debtor's business and pay certain operating expenses for a limited period of time from June 30, 2026  through and including December 1, 2026, without prejudice to seek to further extend such time; a copy of the proposed Order is annexed as **Exhibit A**; (ii) an interim bridge Order ("Bridge Order"), a copy of the proposed Bridge Order is annexed as **Exhibit B**, authorizing the Trustee to operate the Debtor's business and pay related expenses until the hearing date of July 16, 2026 at 10:00 a.m., or such other date as this Motion may be heard ("Hearing"); and (iii) for related relief, and respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The United States Bankruptcy Court, Eastern District of New York ("Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief set forth in this Motion is Bankruptcy Code sections 105(a) and 721.

## BACKGROUND

4.      On January 9, 2025 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Code for the Eastern District of New York ("Court").

5.      By Order of the Court dated January 29, 2026, the Debtor's Chapter 11 was converted to one under Chapter 7 of the Bankruptcy Court. See Dkt. No. 80.

6.      On February 4, 2026, Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtor's estate, has duly qualified and is the permanent Trustee administering the Debtor's estate.  See Dkt. No. 82.

7.      Prior to the Filing Date, the Debtor acquired the real property known as and located at 5409 18th Avenue, Brooklyn, New York 11204 ("Property") by bargain and sale deed on or about September 22, 2010.

8.      The Property contains both commercial and residential tenants occupying units on the Property.

9.      Currently, rents are collected by the Trustee from a commercial tenant, which operates as a pharmacy at the Property.

10. The Debtor had Commercial General Liability insurance coverage and Commercial Property insurance coverage through Accelerant Specialty Insurance Company. The Trustee has obtained replacement coverage with Sutton Specialty Insurance Co. and the policy payments are being remitted on a monthly basis.

11. On March 26, 2026, the Court entered the initial Order, pursuant to Bankruptcy Code section 721, authorizing the Trustee to operate the Debtor's business and pay related expenses through and including June 30, 2026. See Dkt. No. 96.

12. During the Chapter 11, the Debtor commenced litigation with respect to the Property, seeking, inter alia, a determination as to ownership of the Property. See Adv. Pro. 25-1105-JMM.

13. Additionally, the Debtor removed litigation that was pending in the New York Supreme Court, County of Kings, to the Bankruptcy Court. This litigation sought a determination of claims relating to the ownership of the Property. See Adv. Pro. 25-1037-JMM (collectively, the "Adversary Proceedings").

14. The Adversary Proceedings are pending and remain open and active on this Court's calendar.

15. The Trustee respectfully submits that the continued operation is in the best interests of the estate and its creditors while the Adversary Proceedings are pending.

16. Accordingly, the Trustee submits it is in the best interest of the estate for the Court to approve relief in this instant Motion to assist him in operating the Debtor's business for the limited purpose of paying utilities and basic operating expenses, maintaining insurance, managing tenants, enforcing lease agreements, collecting rental payments from Debtor's Property, and preserving the value of Debtor's estate through and including December 1, 2026.

3

**RELIEF REQUESTED**

17.     By this Motion, the Trustee seeks the entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 721: (i) authorizing the Trustee to operate the Debtor's business and pay certain operating expenses for a limited period of time from June 30, 2026 through and including December 1, 2026, without prejudice to seek to further extend such time; a copy of the proposed Order is annexed as **Exhibit A**; (ii) an interim bridge Order ("Bridge Order"), a copy of the proposed Bridge Order is annexed as **Exhibit B**, authorizing the Trustee to operate the Debtor's business and pay related expenses until the hearing date of July 16, 2026, or such other date as this Motion may be heard ("Hearing"); and (iii) for related relief.

18.     Pursuant to Bankruptcy Code section 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19.     A line of well-established cases supports the relief requested herein. See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.), 713 F.2d 534 (9th Cir. 1983); Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial

4

power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

20.    Here, it is in the best interest of the estate and its creditors that the Trustee be granted authorization to continue to operate the Debtor's business for the purpose of paying the Debtor's business expenses, collecting tenant rental payments from Debtor's Property, and preserving the value of Debtor's estate through and including December 1, 2026.

21.    For these reasons, the Trustee respectfully submits that the Court authorize him to operate the Debtor's business and pay certain necessary expenses on an interim basis through and including December 1, 2026, without prejudice to further extend such time and for related relief.

<u>**NOTICE AND NO PRIOR RELIEF**</u>

22.    The Trustee has served the Notice of Hearing, the Motion and its exhibits to all necessary parties in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

23.    No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 18, 2026
      Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, Chapter 7 Trustee*

By:    */s/ Gary F. Herbst*
      Gary F. Herbst, Esq.
      Melanie A. FitzGerald, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Tel. (516) 826-6500