UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| BEAUX EQUITIES LLC, | : | |
| | : | Case No. 25-40119 (JMM) |
| Debtor. | : | |

**EMERGENCY MOTION OF YESHIVA KARLIN STOLIN BETH AARON VISRAEL RABBINICAL INSTITUTE FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Yeshiva Karlin Stolin Beth Aaron Visrael Rabbinical Institute ("Purchaser" or "YKS"), by and through its undersigned counsel, Akerman LLP, hereby moves, on an emergency basis, for this Court's entry of an order granting relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") to permit Purchaser, after entry of stay relief, to (i) file and prosecute a lawsuit for specific performance concerning the Contract of Sale dated May 2021 (the "Contract") between Purchaser and Shorivger Trust (the "Trust" or "Seller"); (ii) file and record a notice of pendency concerning the real property located at 5405, 5409 and 5411 18th Avenue in Brooklyn (the "Property"), and (iii) seek other remedies available under the Contract and applicable New York law, including an injunction against any attempted transfer of the Property.

**RELIEF REQUESTED**

1. Purchaser seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, granting relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to permit Purchaser, following entry of the Order, to (i) file and prosecute a lawsuit for specific performance concerning the Contract; (ii) file and record a notice of pendency concerning the Property; (iii) seek other remedies available under the Contract and applicable New

York law, including an injunction against any attempted transfer of the Property, and (iv) granting related relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). This Motion is a core proceeding.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 362(d)(1) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules").

**PRELIMINARY STATEMENT**

5. Purchaser seeks targeted relief so that, following entry of the Order, it may seek specific performance concerning the Contract and the Property, file a notice of pendency concerning the Property and prevent Seller from transferring ownership of the Property.

6. Purchaser has a clear right to purchase the Property pursuant to the Contract. The Contract – which was executed in May 2021 – acknowledges an ongoing legal dispute over title to the Property involving the Trust. The Contract also acknowledges that such dispute and lawsuit "must be resolved before any closing takes place," and the Contract sets the closing date as the later of four months from the date of execution of the Contract ***or Seller being able to deliver clean title***.

7. After years of litigation concerning ownership of the Property (including the Trust's rights to title), the dispute referenced in Purchaser's contract of sale is finally coming to a close. Specifically, Gregory M. Messer, solely in his capacity as Chapter 7 Trustee (the "Trustee") and

the Trust have executed a Stipulation of Settlement, in which it is agreed that the Trust will take ownership of the Property in exchange for a payment to the Trustee of $180,000.00 (the "9019 Settlement") [ECF No. 116-1, Exh. A]. The 9019 Settlement is the subject of a pending motion, pursuant to 11 U.S.C. §105(a) and Bankruptcy Rule 9019(a), to approve the 9019 Settlement. That motion is set to be heard on September 17, 2026.

8. Therefore, pursuant to Section 4.5 of the Contract, Seller will become obligated to close on the sale of the Property to Purchaser following this Court's approval of the 9019 Settlement.

9. However, as more fully detailed in the Declaration of Rabbi David Stein ("Rabbi Stein") submitted herewith (the "Rabbi Stein Decl."), without disclosing any of this to the Court, the Trust has been disavowing its obligations under the Contract. The Trust's representative, Israel Grossman ("Grossman"), has told Purchaser's representative, Rabbi Stein, that (1) Grossman believes the Contract is not a valid contract and the Trust does not intend to abide by it, (2) the price/value for the Property has increased, (3) Grossman has been speaking with other buyers about the Property, (4) Grossman has offers for the Property and he wants to go into contract with another buyer with a quick close at $6.4 or $6.5 million, (5) Grossman wants to close on the sale of the Property on September 17, 2026, and (6) Grossman wants to get the Trustee to approve leasing / renting the Property to this prospective buyer for Rosh Hashanah (to be followed by the sale of the Property after this Court approves the settlement). *See* Rabbi Stein Decl., ¶¶ 9-10.

10. Thus, the Trust is imminently attempting to violate Purchaser's rights by selling the Property to another buyer, despite the existence of the Contract. Purchaser has no choice but to seek stay relief on an emergency basis so that it can commence an action in New York Supreme Court (the "State Court") for specific performance and injunctive relief, and file a notice of

pendency in order to protect its rights. Otherwise, the Trust will seek to transfer the Property immediately after the Court approves the 9019 Settlement, and Purchaser may never be able to unwind such sale.

11. As detailed in the Declaration of Mark Lichtenstein submitted herewith (the "Lichtenstein Decl."), Purchaser has filed this emergency motion and seeks to have the hearing thereon several days prior to September 17, 2026 to enable Purchaser to obtain stay relief and have sufficient time seek relief in the State Court to block the Trust's improper efforts to disavow the Contract and transfer the Property in violation of Purchaser's legal rights. Ordinarily, Purchaser would be required to provide 17-days notice of a stay relief motion but, if that notice is required, the Court may have approved the 9019 Settlement and the Trust may transfer the Property before Purchaser is even able to seek relief in State Court. Purchaser respectfully submits that it will still be able to provide 10 or more days-notice of this Motion, which will provide the Trust and other parties ample time to respond while preserving Purchaser's due process rights to protect its contract rights from being vitiated.

## **<u>FACTS AND BACKGROUND</u>**

12. On or about September 22, 2010, debtor Beaux Equities, LLC (the "Debtor") acquired the Property by bargain and sale deed.

13. The Trust asserts that, by deed dated and executed by the Debtor's principal on March 29, 2016, the Debtor transferred the Property to the Trust in exchange for $2,834,567.00.

14. On December 19, 2017, PowerCap Partners LLC ("PowerCap") commenced a state court action against the Debtor, Yaakov Pollak, Moshe Pollak, the Trust, Raphael Grossman as Trustee of the Trust and Israel Grossman (the "PowerCap Action") seeking to collect on several

loans with respect to the Property and claiming ownership over the Property under RPAPL Article 15.

15. Remaining at issue in the PowerCap Action are the cross claims filed by the Debtor, Yaakov Pollak, and Moshe Pollak against Shorivger Trust and Raphael Grossman as Trustee of the Trust, and the cross claims filed by the Trust and Raphael Grossman as Trustee of the Trust against the Debtor, Yaakov Pollak and Moshe Pollak.

16. In May 2021 – while the PowerCap Action was ongoing – the Trust and Purchaser entered into the Contract. The Contract provides that the Trust will sell and Purchaser will purchase the Property. The purchase price for the Property in the Contract is $5,300,000.00. The Contract acknowledges a $25,000.00 Downpayment, which payment was made and is being held in escrow. *See* Rabbi Stein Decl., ¶ 5.

17. The Contract provides that the Closing is scheduled for "[t]he later of 4 months from date of execution of contract by both parties or Seller being able to deliver clean title with satisfactory title insurance." With respect to title, the Contract states that "PURCHASER ACKNOWLEDGES BEING ADVISED BY THE SELLER OF THE PENDING LITIGATION IN NEW YORK STATE SUPREME COURT KINGS COUNTY REGARDING THE PARCEL AND CHALLENGING SELLER'S TITLE RIGHTS. IF THE TITLE IS NOT CLEARED BY DECEMBER 31, 2021, PURCHASER MAY UNILATERALLY CANCEL THIS CONTRACT AND RECEIVE A REFUND OF THE DEPOSIT." That pending litigation was the PowerCap Action. *See* Rabbi Stein Decl., ¶ 6.

18. Title was not, in fact, cleared by December 31, 2021. But Purchaser never elected to cancel the Contract. Instead, Purchaser continued to wait for the title disputes to be resolved.

Those disputes continued for several years, including becoming the subject of claims and adversary proceedings in this Bankruptcy Court, as discussed below. *See* Rabbi Stein Decl., ¶ 7.

19. On April 9, 2025, the Debtor filed a notice of removal of the PowerCap Action to this Court, initiating Adversary Proceeding No. 25-01037-JMM (the "Removal Action").

20. On January 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in this Court.

21. On April 2, 2025, the Trust filed its proof of claim ("Claim No. 3-1") asserting a secured claim in the amount of $2,834,567.00, if the Court were to determine that the filed deed by the Trust should be set aside.

22. On July 16, 2025, in the Removal Action, the Debtor and the Trust each moved for Summary Judgment [ECF Adv. Nos. 10, 12 and 13].

23. On November 25, 2025, in the Removal Action, the Trust's motion for summary judgment was denied and the Debtor's motion for summary judgment was denied with leave to renew the Debtor's first cross claim [ECF Adv. No. 25].

24. On September 2, 2025, the Debtor filed an adversary proceeding against the Trust seeking declaratory relief that the Trust deed was a mortgage, to set aside the Trust mortgage and deed as void and objecting to Claim 3-1 [In re: Beaux Equities LLC v. Shorivger Trust, et al., Adv. No. 25-01105 (the "Debtor Action").

25. On December 16, 2025, the Trust filed a motion to dismiss, *inter alia*, the Bankruptcy Case ("Motion to Dismiss") [ECF No. 68].

26. On January 29, 2026, the Court entered the *Order Converting Case Under Chapter 11 to a Case Under Chapter 7* (ECF No. 80).

27. Thus, the remaining dispute over title to the Property – which is the only obstacle to Purchaser closing on its purchase of the Property under the Contract – is between the Debtor and the Trust.

28. On August 6, 2026, the Trustee filed a motion, pursuant to 11 U.S.C. §105(a) and Rule 9019(a) of the Bankruptcy Rules, to approve the 9019 Settlement with respect to the competing claims of the Debtor and Trust to ownership of the Property (the "9019 Motion") [ECF No. 118]. Specifically, pursuant to the Stipulation of Settlement, the Trust will take ownership of the Property in exchange for a payment to the Trustee of $180,000.00. The 9019 Motion is set to be heard on September 17, 2026, with objections due by September 10, 2026.

29. In August 2026, Rabbi Stein – a representative of Purchaser – and Israel Grossman – a representative of the Trust – exchanged text messages and had verbal conversations regarding the Property. In those conversations, Grossman stated that (1) he believes the Contract is not a valid contract and that the Trust does not intend to abide by it, (2) the price/value for the Property has increased, (3) Grossman has been speaking with other buyers about the Property, (4) Grossman has offers for the Property and he wants to go into contract with another buyer with a quick close at $6.4 or $6.5 million, (5) Grossman wants to close on the sale of the Property on September 17, 2026, and (6) Grossman wants to get the Trustee to approve leasing / renting the Property to this prospective buyer for Rosh Hashanah (to be followed by the sale of the Property after this Court approves the settlement). *See* Rabbi Stein Decl., ¶¶ 9-10.

## **ARGUMENT**

30. The Bankruptcy Code provides that relief from the automatic stay may be granted after notice and a hearing "for cause." *See* 11 U.S.C. §362(d)(1). The Bankruptcy Code does not define the meaning of the phrase "for cause." *See In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir.

2002). In determining whether there is cause to grant relief from the automatic stay, a court in this Circuit should examine the factors outlined in *In re Sonnax Industries Incorporated*. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The factors to consider are as follows:

- (1) whether relief would result in a partial or complete resolution of the issues;
- (2) lack of any connection with or interference with the bankruptcy case;
- (3) whether the other proceeding involves the debtor as a fiduciary;
- (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
- (5) whether the debtor's insurer has assumed full responsibility for defending it;
- (6) whether the action primarily involves third parties;
- (7) whether litigation in another forum would prejudice the interests of other creditors;
- (8) whether the judgment claim arising from the other action is subject to equitable subordination;
- (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
- (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
- (11) whether the parties are ready for trial in the other proceeding; and
- (12) impact of the stay on the parties and the balance of harms.

31. All 12 Sonnax factors will not be relevant in every case. *See In re Masse*, 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court, in its discretion, need not grant equal weight to each factor. *See In re Burger Boys, Inc.*, 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994); *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Additionally, the Court has wide discretion to grant relief and lift the stay. *See In re Laventhol & Horwath*, 139 B.R. 109, 116 (Bankr. S.D.N.Y. 1992); *Matter of Thomson McKinnon, Inc.*, 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

32. In the instant matter, factors one, two, six, seven, eight, nine, ten and twelve are relevant and weigh heavily in Purchaser's favor. Factors three, four, five, and eleven are not relevant or are neutral.

33. Here, Purchaser has a rightful interest in the Property as the purchaser under the Contract. The Trust has expressed a clear intent to disavow the Contract and to sell the Property to another buyer. Indeed, Grossman has made clear that he believes the Property is worth more than the price in the Contract and that he wants to quickly close on the sale of the Property with a different purchaser right after this Court approves the 9019 Settlement.

34. However, in light of this bankruptcy proceeding and the Debtor's claimed interest in the Property, Purchaser is prevented by the automatic stay from commencing an action in state court for specific performance and recording a notice of pendency on the Property in order to protect its rights. Purchaser has a concrete interest in prompt, lawful protective relief, and the Contract expressly preserves specific-performance remedies for the Trust's willful default. *See* Rabbi Stein Decl., Ex. A, § 10.5. Purchaser cannot wait any longer to enforce its rights in light of Grossman's indication that a third-party sale could occur and impair Purchaser's contract-vendee rights.

35. Thus, Sonnax factors one, two, six, seven, eight, nine, ten and twelve favor lifting the stay here. Lifting the stay would allow Purchaser to eventually obtain a complete resolution of the issues regarding enforcement of the Contract, and also serves the interests of judicial economy and expeditious and economical resolution of litigation by allowing Purchaser to commence prosecution of its claim. The lifting of the stay to allow Purchaser to file an action in state court would not interfere with the bankruptcy case at all because the Trustee and the Trust are settling the claims relating to the Property in such manner that the Trustee and the estate will

no longer have any claim to the Property, and therefore such action will also not prejudice the interests of any creditors. The contemplated state court action to be filed by Purchaser will only involve a third-party, the Trust, and will not result in a judgment subject to equitable subordination or a judicial lien avoidable by the Debtor or the Trustee.

36. The requested relief is narrowly tailored. Purchaser seeks authority only, following entry of the Order, to commence a specific-performance action concerning the Contract and the Property, file and record a notice of pendency, and seek the remedies available under the Contract and New York law. In contrast to the Trust's scheme to sell the Property to a third-party in violation of the Contract without permitting Purchaser an opportunity to prosecute its rights under the Contract, if the Court vacates the automatic stay to permit Purchaser to seek appropriate relief in state court, the Trust's rights will be preserved. The Trust will have rights under state law to try to disavow the Contract but will simply, in the interest of fundamental fairness and due process, be required to assert such rights in a fair and transparent manner without denuding Purchaser of its rights based on the impact of the automatic stay.

37. Purchaser further requests that the Court waive the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) upon entry of an order granting relief from the automatic stay. Waiver is necessary to permit Purchaser to proceed immediately with its remedies in the state court action without further delay. Accordingly, Purchaser respectfully requests that any order granting the relief sought herein provide that the 14-day stay under Bankruptcy Rule 4001(a)(3) is waived and that Purchaser may immediately take all actions authorized by such order.

**NOTICE**

38. Purchaser will provide notice of this Motion to (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the Debtor's counsel of record; (iii) the Trustee's

counsel; and (iv) each party that has requested notice pursuant to Bankruptcy Rule 2002. Purchaser submits that, in light of the relief requested, no other or further notice is necessary, subject to the Court's direction.

**NO PRIOR REQUEST**

39. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Purchaser respectfully requests that the Court enter the Order, attached hereto as Exhibit A, granting the relief requested herein and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 2, 2026

**AKERMAN LLP**

By: *<u>/s/ Mark S. Lichtenstein</u>*

Mark S. Lichtenstein
Joshua D. Bernstein
Benjamin R. Joelson
Alexandra N. Getsos
1251 Avenue of the Americas, 37th FL
New York, New York 10020
Tel. No. (212) 880-3800
mark.lichtenstein@akerman.com
joshua.bernstein@akerman.com
benjamin.joelson@akerman.com
alexandra.getsos@akerman.com

*Counsel for Yeshiva Karlin Stolin Beth Aaron Visrael Rabbinical Institute*

# EXHIBIT A

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| | Chapter 7 |
| BEAUX EQUITIES LLC, | |
| | Case No. 25-40119 (JMM) |
| Debtor. | |

**ORDER GRANTING EMERGENCY**
**RELIEF FROM THE AUTOMATIC STAY**

Upon the motion (the "Motion") of Yeshiva Karlin Stolin Beth Aaron Visrael Rabbinical Institute ("Purchaser") [ECF No. ____] for entry of an order (this "Order") (a) granting Purchaser relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") to permit Purchaser, following entry of this Order, to (i) file and prosecute a lawsuit for specific performance concerning the Contract of Sale dated May 2021 (the "Contract") between Purchaser and Shorivger Trust (the "Trust" or "Seller"); (ii) file and record a notice of pendency concerning the real property located at 5405, 5409 and 5411 18th Avenue in Brooklyn (the "Property"); and (iii) seek other remedies available under the Contract and applicable New York law, including an injunction against any attempted transfer of the Property, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having reviewed the Motion, the Declaration of Rabbi David Stein, the Declaration of Mark S. Lichtenstein, and having

heard or considered the statements in support of the relief requested therein at a hearing before this Court on ________________________ (the "Hearing"); and this Court having considered that Purchaser has not commenced a specific-performance action or other state-court action and has not filed or recorded a lis pendens concerning the Property; and this Court having determined that the legal and factual bases set forth in the Motion and supporting papers establish cause for the relief granted herein; and upon all of the pleadings and proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby modified and/or terminated to the extent necessary to permit Purchaser, following entry of this Order, to:

(i) file and prosecute a lawsuit for specific performance concerning the Contract of Sale dated May 2021 (the "Contract") between Purchaser and Shorivger Trust (the "Trust" or "Seller");

(ii) file and record a notice of pendency concerning the real property located at 5405, 5409 and 5411 18th Avenue in Brooklyn (the "Property"); and

(iii) seek other remedies available under the Contract and applicable New York law, including an injunction against any transfer of the Property.

3. The 14-day stay of this Order provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived, and the Purchaser may immediately take any and all actions authorized hereunder.

4. Nothing in this Order adjudicates the merits of any specific-performance action or other state-court action later commenced by Purchaser, determines Purchaser's rights to the

Property, or adjudicates the rights of any party in any such action; those matters remain for the appropriate court.

5. To the extent applicable, the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 4001 and the Local Rules are satisfied by such notice.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. Purchaser is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Brookly, New York
September __, 2026

**PROPOSED**

________________________________________

JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE