# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

Chapter 7
BEAUX EQUITIES LLC, Case No. 25-40119 (JMM)

Debtor.
-----------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

Gregory Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of Beaux Equities LLC ("Debtor"), and Shorivger Trust, Raphael Grossman as Trustee of Shorivger Trust and Israel Grossman (collectively the Trustee the Shorivger are the "Parties"), by and through their attorney Lawrence Kulak, Esq., by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on January 9, 2025 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York ("Court");

WHEREAS, by Order of the Court dated January 29, 2026, the Debtor's Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code;

WHEREAS, on February 4, 2026, Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity;

WHEREAS, prior to the Filing Date, the Debtor acquired the real property known as and located at 5405, 5409 and 5411 18th Avenue, Brooklyn, New York 11204 (collectively "Property") by bargain and sale deed on or about September 22, 2010;

WHEREAS, as of the Filing Date the Debtor has been managing the Property;

WHEREAS, a deed dated and executed by the Debtor's principal on March 29, 2016, and delivered to Shorivger Trust on March 29, 2016, conveyed all of the Debtor's right, title and interest, of any nature or kind whether legal or equitable to Shorivger Trust. The deed was recorded in the Kings County Clerk's Office on November 29, 2017. The deed was given in consideration of $2,834,567.00 paid by Shorivger Trust in accordance with instructions given by the Debtor's principal;

WHEREAS, Shorivger Trust filed claim number 3-1 ("Claim 3-1") asserting a secured claim for $2,834,567 in the event that the Court were to determine that the filed deed by the Shorivger Trust should be set aside;

WHEREAS, on September 2, 2025, Debtor filed an adversary proceeding ("Adversary Proceeding") against Shorivger Trust, Raphael Grossman as Trustee and Israel Grossman (collectively "Defendants") seeking; declaratory relief that the Shorivger Trust deed was a mortgage, to set aside the Shorivger Trust mortgage and deed as void and objecting to the Claim 3-1;

WHEREAS, on September 30, 2025, the Defendants filed a motion to dismiss the Adversary Proceeding ("Motions to Dismiss"),

WHEREAS, the Debtor filed an objection to the Motion to Dismiss;

WHEREAS, the Defendants filed a reply in support of the Motion to Dismiss;

WHEREAS, by Order dated November 25, 2025, the Court denied the Motion to Dismiss;

WHEREAS, on December 29, 2017, Powercap Partners LLC commenced a state court action against the Debtor, Yaakov Pollak, Moshe Pollak, Shorivger Trust and Raphael Grossman as Trustee of the Shorivger Trust ("Powercap Complaint") (the Adversary Proceeding and the Powercap Complaint are referred to as the "Adversary Proceedings") seeking to collect on several

promissory notes with respect to the real properties at 5405, 5409, and 5411 18th Avenue, Brooklyn, New York 11204 ("Properties");

WHEREAS, the State Court dismissed the Plaintiff's claims leaving only the cross claims filed by the Debtor, Yaakov Pollak, Moshe Pollak against Shorivger Trust and Raphael Grossman as Trustee of the Shorivger Trust and filed by Shorivger Trust and Raphael Grossman as Trustee of the Shorivger Trust against he Debtor, Yaakov Pollak and Moshe Pollak;

WHEREAS, on April 9, 2025, the Debtor filed a notice of removal to remove the Powercap Complaint to the Bankruptcy Court;

WHEREAS, on May 9, 2025, the Shorivger Trust filed a motion to remand the Powercap Complaint ("Remand Motion");

WHEREAS, on June 18, 2025, the Remand Motion was withdrawn by Shorivger Trust;

WHEREAS, on July 16, 2025, the Debtor moved for Summary Judgment;

WHEREAS, on July 16, 2025, the Shorivger Trust and Israel Grossman moved for Summary Judgment;

WHEREAS, the Debtor objected to the Shorivger Trust and Israel Grossman motion for Summary Judgment;

WHEREAS, the Shorivger Trust and Israel Grossman objected to the Debtor's motion for Summary Judgment

WHEREAS, the Shorivger Trust and Israel Grossman filed a reply to the Debtor's objection to the Motion for Summary Judgment;

WHEREAS, the Debtor filed a reply to the Shorivger Trust and Israel Grossman's objection to the Motion for Summary Judgment;

WHEREAS, by Order dated November 25, 2025, the Court denied Shorivger Trust and Israel Grossman's motion for Summary Judgment and denied the Debtor's motion for summary judgment with leave to renew the Debtor's first cross claim;

WHEREAS, the Trustee is holding as of July 13, 2026 the sum of $87,120.98;

WHEREAS, based upon the filed claims and the anticipated allowed administrative claims, the Parties, by and through their respective counsel, engaged in arm's-length negotiations regarding a possible settlement of the adversary actions and the claims of the Parties;

WHEREAS, as a result of those negotiations the Parties shave reached a settlement of the Adversary Proceedings and the claims as set forth below ("Stipulation").

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated, consented to and agreed to by and between the Parties as follows:

1. Upon the entry of an Order approving this Stipulation, the Shorivger Trust shall pay the Trustee the sum of $180,000.00 ("Payment") to pay all of the allowed administrative claims (Chapter 11 and Chapter 7), allowed filed priority claims and allowed filed general unsecured filed claims approved by the Court. In the event the amount of such claims approved by the Court is less than $180,000, the Trustee shall return the difference to Shorivger Trust.

2. Upon the entry of an Order approving this Stipulation and the Payment being made to the Trustee and those funds clearing the Trustee's account and the Order becoming final and non-appealable: (a) the Adversary Proceedings shall be dismissed with prejudice and without costs to either party; (b) the Parties shall be deemed to have, and shall have, released and forever discharged each other from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in

tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which each Party had, may have had, or may ever claim to have, against each other relating to this case and the Adversary Proceedings. Nothing contained herein shall be in any way construed or interpreted to prevent, bar, preclude or hinder Shorivger Trust, Raphael Grossman as Trustee and Israel Grossman from asserting any defense or claim of any type, kind or nature against Yaakov Pollak and Moshe Pollak. This Stipulation sets forth the entire agreement between the Parties and fully supersedes all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

3. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

4. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

5. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective client and have obtained all necessary approvals, but the Trustee's authority to bind the Debtor's estate to the settlement is subject to approval by the Court.

6. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

7. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: July 27, 2026
Brooklyn, New York

**LAW OFFICE OF LAWRENCE R. KULAK**
*Counsel to Shorivger Trust*

By: /s/ Lawrence R. Kulak
Lawrence R. Kulak, Esq.
1078 East 15th Street
Brooklyn, New York 11230

Dated: July 28, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, as Chapter 7 Trustee*

By: /s/ Gary F. Herbst
Gary F. Herbst, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793